**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jay J. Cheng,

Plaintiff,

v.

Eaton Corporation,
an Ohio corporation,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1252 ADM/SRN

---

Thomas E. Glennon, Esq., Glennon Law Office, Minneapolis, MN, appeared on behalf of Plaintiff.

Michael H. King, Esq., and Elizabeth M. Bradshaw, Esq., Ross & Hardies, Chicago, IL, and James R. Crassweller, Esq., Rider Bennett Egan & Arundel, Minneapolis, MN, appeared on behalf of Defendant.

---

## I. INTRODUCTION

On September 25, 2001, Defendant Eaton Corporation ("Eaton") argued before the undersigned United States District Judge its Motion to Dismiss [Doc. No. 5]. For the reasons set forth below, Defendant's motion is denied.

## II. BACKGROUND

Plaintiff Jay J. Cheng ("Cheng") was employed by Defendant Eaton from July 3, 1989, until November 6, 2000. On April 20, 1994, Cheng entered a letter agreement with Eaton to accept the position of manager of Chinese business operations, entailing an overseas employment assignment. The terms and conditions of the letter agreement stated that should Cheng return to the United States, Eaton would reimburse the expenses related to acquiring a new residence, and as a settling allowance pay one month's base salary in effect at the time of repatriation. Complaint, ¶3. Cheng was

FILED OCT 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

employed in China through January 31, 1997, when he entered another letter agreement confirming the terms of continuing his overseas assignment. This second agreement stated that Eaton would pay Cheng a monthly sum of $10, 265 base salary, $1540 expatriate premium, $2183 goods and services differential, and $1540 hardship allowance. Id. at ¶4. The January, 1997, agreement also included Eaton's promise to Cheng that following Cheng's completion of the overseas assignment, Eaton would "provide [Cheng] employment in the U.S. of comparable status to that prevailing prior to [the] assignment to China." Id.

Cheng's overseas assignment was scheduled to end December 31, 1999. In October, 1999, Eaton and Cheng discussed a two year extension of Cheng's overseas assignment. On October 26, 1999, Cheng wrote to Eaton seeking confirmation of the parties' verbal discussions regarding the extension of his overseas assignment beyond December, 1999. On October 28, 1999, Eaton confirmed the two year extension of Cheng's overseas assignment, to run through "the end of 2001." Id. at ¶5. Subsequently, Eaton terminated Cheng's employment on November 6, 2000.

On November 6, 2000, Cheng requested in writing that Eaton immediately pay him all wages then due and payable. On or about November 10, 2000, Eaton forwarded a "final payment" to Cheng in the gross amount of $12,554.40, and the net amount of $7,852.78. Id. at ¶10. Cheng alleges that the final payment failed to include various components of his wages/compensation package. Id. Cheng also alleges that Eaton has failed and refused to provide employment through December 31, 2001, or to provide Cheng with employment in the U.S. of comparable status following the completion of his overseas assignment. Id. The Complaint alleges Eaton breached its contract regarding each of these terms, and also claims statutory wages and penalties pursuant to Minn. Stat. § 181.13.

Eaton asserts that Cheng must have "completed" his work in order to have satisfied all the conditions precedent to his being entitled to payment. Eaton argues that since Cheng was allegedly terminated for cause he did not achieve "satisfactory completion" of his work, and therefore cannot plead in his Complaint that he performed the conditions precedent to his right to demand performance. Def. Mem. at 2. Eaton also argues that the extra-territorial application of §181 is inappropriate because Cheng was employed in China, not Minnesota, and because Cheng did not plead in his Complaint that all the money and property entrusted to him during his employment with Eaton was properly accounted for or paid over to Eaton. Id.

## III. DISCUSSION

A Complaint is properly dismissed under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Kaylor v. Fields, 661 F.2d 1177, 1180-81 (8th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). When examining the Complaint, a court must accept all of the allegations contained therein and all inferences arising therefrom as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). It must be determined whether the well-pleaded allegations of fact, when construed in a light most favorable to the plaintiff, state a factual claim upon which relief can be granted on some legal theory. See Penn v. Iowa State Bd. of Regents, 999 F.2d 305, 307 (8th Cir. 1993); Dicken v. Ashcroft, 972 F.2d 231, 233 (8th Cir. 1992). Cheng's Complaint should not be dismissed unless it can prove no set of facts in support of its claim that would entitle it to relief. Conley, 355 U.S. at 45-46.

Count I states a claim for breach of contract. While non-completion of the assignment by Cheng may be an affirmative defense for Eaton, there is no requirement for Cheng to plead with

particularity each element of a breach of contract claim in his Complaint. Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). Construing the allegations of fact in a light most favorable to Cheng, the Complaint satisfies Fed. R. Civ. P. 8(a).

Count II seeks statutory wages and penalties under Minnesota Statute § 181.13. Cheng asserts that when he was terminated he was living in Minnesota, and had been for a period of time, being paid a settlement allowance by Eaton separate from the agreed-upon relocation fee. Section 181.13 applies when "employers employing labor within this state discharge[] an employee . . . ." Construing the allegations of fact in a light most favorable to Cheng, the Complaint sufficiently invokes § 181.13 and satisfies Fed. R. Civ. P. 8(a). The record further shows no audit and adjustment was executed by Eaton within 10 days of termination, as required by §181.14, to trigger the bar to recovery under §181.13. Cheng has therefore not been found to be an audited employee to whom money or property was entrusted that was not properly accounted for or paid over to the employer. As such, §181.14 does not bar Cheng's claim or create a pleading requirement.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Eaton Corporation's Motion to Dismiss [Doc. No. 5] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: October 19, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500